UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____ – Civ

Paola Martinez Calderon,
    Plaintiff,
vs.

Trion Solutions, Inc.,
    Defendant.
_____/

**COMPLAINT**

Paola Martinez Calderon, plaintiff, through counsel, in the above styled cause, sue defendant Trion Solutions, Inc. and hereby avers as follows:

This action is filed under the Employment and Retirement Income Security Act of 1974, as amended, 29 USC §1001, et.seq. ("ERISA").

**PARTIES, JURISDICTION AND VENUE**

1. Calderon is a Florida resident and who had medical benefits through her employer.

2. Trion Solutions, Inc. ("Defendant") is a foreign limited liability company with its principal place of business in Troy, Michigan with office located in the Southern District of Florida.

3. This Court has personal and subject matter jurisdiction over this case pursuant to 29 U.S.C. §1132 (e) and (f) because of the Defendant's breach of its ERISA obligations to Calderon

4. Calderon, was at all times material hereto, a participant within the meaning of 29 U.S.C. §1002(2)(7) in the group Health Insurance Plan administered by Trion.

5. Calderon has standing to bring this action under ERISA, 29 U.S.C. §1132(a).

**FACTUAL BACKGROUND**

6. Calderon worked for a company called Elite Guard who outsourced its HR responsibilities to Defendant.

7. Based upon information and belief, Defendant was responsible for administering the self insured health care benefit plan on behalf of Calderon's employer.

8. Calderon required medical care and believed she was covered by her employer's health care plan.

9. However, Calderon began receiving large medical bills and was advised by one of Defendant's employees that the plan "had run out of money."

10. Numerous claims made by Calderon went unpaid by her health care plan.

11. On December 18, 2019, Calderon requested a copy of the Summary Plan Documents to determine her coverage. See a true and correct copy attached as Exhibit A.

12. Defendant failed to provide Calderon with a copy of the Summary Plan Documents as required under ERISA.

13. Calderon is unable to determine what benefits she is entitled to, what her responsibility is due to Trion's failure to provide Calderon's SPD, what her appeal rights are regarding the benefit, and what out of pocket costs she is responsible for.

## COUNT ONE
## VIOLATION OF 29 U.S.C. §1024(b)(4)

14. Calderon incorporates herein paragraphs 1 through 13.

15. Trion's failure to provide Calderon with a copy of the Summary Plan Documents within thirty days of his written request are a direct violation of 29 U.S.C. §1024(b)(4) which provides in pertinent part: "The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated plan description…. Under which the plan is established or operated."

16. A violation of 29 U.S.C. §1024(b)(4) entitles Calderon to penalties in the sum of $110 per day pursuant to 29 U.S.C. §29 U.S.C. 1132(c)(1), which provides in pertinent part: "Any

administrator who… fails or refuses to comply with a request for any information which such administrator is required by this title to furnish participant or beneficiary [within thirty days of receiving such request]…. may in the court's discretion be personally liable to such participant or beneficiary in the amount up to $110 per day from the date of such failure or refusal and the court may, in its discretion, order such other relief as it deems proper."

17. As required by the Debt Collection Improvement Act of 1996, the $100 per day penalty was increased to $110 per day for violations occurring after July 29, 1997, per 62 Fed. Reg. 40696.

18. Calderon requested a copy of the Summary Plan Documents from Trion, by mail, on December 18, 2019.

19. As of the date of filing this Complaint, Calderon has not received the Summary Plan Documents. Calderon is therefore entitled to penalties at the rate of $110 per day commencing on January 17, 2020.

WHEREFORE, Calderon respectfully requests this Honorable Court to enter judgment in favor of Calderon, award the $110 per day penalty, award attorney fees and costs, and any other relief this Court deems just and proper.

**Respectfully Submitted,**
Grady Legal, PA
1645 SE 3rd Ct. #204
Deerfield Beach, FL 33441
754.333.0313
   /s/ Jacqueline A. Grady
Jacqueline A. Grady
FBN 635871
jackie@gradylegal.com
service@gradylegal.com